UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN DeJESUS,

    Petitioner,

-vs.-

KURT JONES, Warden,

    Respondent.
_____/

Michigan Attorney General
Attorney for Respondent
-------------------------------------------

Laura Kathleen Sutton (P40775)
Attorney for Petitioner DeJesus
_____/

Civil Action No. 05:04-CV-56

Hon. Gordon J. Quist
United States District Judge

Hon. Hugh W. Brenneman, Jr.
United States Magistrate Judge

**Oral Argument Requested**

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY

Leave to conduct discovery in habeas cases is routinely granted when doing so will facilitate resolution of the issues. For the reasons set forth below, the Court should order that Petitioner be provided with the discovery sought in the accompanying Motion for Discovery.

Rule 6(a) of the Rules Governing Section 2254 Cases entitles habeas petitioners to "invoke the processes of discovery available under the Federal Rules of Civil Procedure, if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." Leave to conduct discovery in habeas cases is to be permitted by the Court when "there is a sound basis for concluding that the requested discovery might allow the [petitioner] to demonstrate" he is entitled to relief. See: Johnson v. Love, 165

1

F.R.D. 444, 445 (E.D. Pa. 1996); <u>Gaitan-Campanioni</u> v. <u>Thornburgh</u>, 777 F. Supp. 1335, 1356 (E.D. Tex. 1991).

A habeas petitioner has shown "good cause" for a discovery request when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." <u>Bracy</u> v. <u>Gramley</u>, 520 U.S. 899, 908-909 (1997), quoting <u>Harris</u> v. <u>Nelson</u>, 394 U.S. 286, 299 (1969). Under these circumstances, discovery must be allowed - - "it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." <u>Id</u>. "The very nature of [habeas proceedings] demands that [they] be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." <u>Harris</u>, 394 U.S. at 291.

The conviction of an innocent person is the quintessential miscarriage of justice. <u>Schulp</u> v. <u>Delo</u>, 513 US 298 (1995). Here, this Court has within its reach the means to permit Petitioner to establish the falsity of the charge of murder that was laid against him and resulted in his conviction. The testimony of an admitted rapist was the vehicle by which this conviction was obtained. There was no physical evidence or eyewitnesses connecting Petitioner to this crime, just the testimony of the victim's rapist who's bargained for testimony alleged that *after* his victim *passively* accepted his brutal and cruel sexual assault, Petitioner repeatedly kicked and hit Gohagen's rape victim until she died from an attack not associated with her rapist.

2

Petitioner is innocent of this crime and has maintained his innocence since the time of his arrest. Yet access to evidence that would debunk the state prosecutor's theory of guilt and the testimony of the key state witness had been denied Petitioner. Nor is this a fishing expedition, as the blood samples under the fingernails of the victim were testified to at trial and absent DNA testing there was no way to contravene the state's theory of guilt and connect the rapist to the death of the victim as well as her sexual assault. Fundamental principles of due process, and the principles of fairness embodied in Habeas Rule 6, require the disclosure and testing of the biological samples.

Thus, discovery should be allowed. The requirement that habeas petitioners seek leave to conduct discovery is based upon the Supreme Court's concern that some petitioners might otherwise abuse the discovery process by making discovery requests based on "fantasy . . . rather than in fact." Harris, 394 US at 300; Advisory Committee's Note on Habeas Corpus Rule 6. Here, Petitioner's request is clearly not abusive. Instead, they are squarely based upon specific factual allegations and the particular needs of this case.

For these reasons, good cause exists to grant the discovery request.

**WHEREFORE**, Petitioner respectfully requests this Honorable Court to GRANT his Motion for Discovery.

Respectfully submitted,

_____
LAURA KATHLEEN SUTTON (P40775)
Attorney for Petitioner DeJesus
P.O. Box 388
Manchester, Michigan 48158
(734) 428-7445

Dated: December 6, 2004.

3

## **VERIFICATION**

I, Laura Kathleen Sutton, declare under penalty of perjury that I have read the motion and memorandum in support and that the allegations made therein are true and accurate to the best of my knowledge and belief.

_____
Laura Kathleen Sutton
Affiant

Dated: December 6, 2004