UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN DEJESUS,

      Petitioner,

v.

Case No. 5:04-cv-56
Hon. Gordon J. Quist

KURT JONES,

      Respondent.
_____/

# ORDER

Petitioner has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. This matter is now before the court on petitioner's motion to hold the habeas petition in abeyance (docket no. 49).

Petitioner raises the following issue in habeas claims VI:

The Michigan state courts denied petitioner due process by (a) refusing to provide available DNA biological samples for independent testing and (b) in failing to conduct a hearing with respect to a post-appeal expert forensic scientist's report disputing the state's evidence on the critical element of the murder charge, after refusing to appoint an expert at trial.

Petitioner contends that the DNA evidence testing, which the Michigan state courts denied him, will establish his actual innocence in this matter. Petitioner submits that a Sixth Circuit decision, *House v. Bell*, 386 F.3d 668 (6th Cir. 2004) is pending before the United States Supreme Court. Petitioner contends that the issues presented to the United States Supreme Court in the *House* case will impact his habeas action. The questions to be presented in *House* are as follows:

    (1)    Did the majority below err in applying this Court's decision in *Schlup v. Delo* to hold that Petitioner's compelling new evidence, though presenting at the very least a colorable claim

>   of actual innocence, was as a matter of law insufficient to excuse his failure to present the evidence before the state courts - merely because he had failed to negate each and every item of circumstantial evidence that had been offered against him at the original trial?
>
> (2) What constitutes a "truly persuasive showing of actual innocence" pursuant to *Herrera v. Collins* sufficient to warrant freestanding habeas relief?

*House v. Bell*, No. 04-8990, 2005 WL 1527632 (U.S. March 3, 2005) (Petition for writ of *cert.*). The Supreme Court granted the petition for writ of *cert.* on June 28, 2005. *House v. Bell*, 125 S. Ct. 2991 (2005).

This court previously addressed petitioner's request for DNA testing when it denied his motion for discovery. Order (5/13/05). In denying the motion, the court rejected petitioner's claim of actual innocence, noting that such a claim, in and of itself, does not provide a constitutional basis for federal habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 393, 400 (1993). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Id.* at 400.

In addition, the court found that even if the requested DNA testing had been performed, it would not exonerate petitioner:

> [S]tate evidentiary rulings are not subject to habeas review. Federal habeas corpus review is limited to questions regarding whether the conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). An issue concerning the admissibility of evidence under state law does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that petitioner was denied a fundamentally fair trial. *Clemmons v. Sowders,* 34 F.3d 352, 357-58 (6th Cir. 1994) To determine whether the petitioner was denied a fundamental due process right, the court should consider the extent to which the evidence is critical to the case. *Turpin v. Kassulke*, 26 F.3d 1392, 1396 (6th Cir.

1994). Thus, petitioner must establish "actual prejudice" to warrant habeas relief. *Clemmons*, 34 F.3d at 357-58.

Petitioner seeks discovery to support his habeas claim VI. By way of background, the trial court addressed both of these issues on the motion for relief from judgment. The DNA test was requested pursuant to a Michigan statute, MCL 770.16, which allows a convicted defendant to seek such testing by filing a petition with the trial court. *See* MCL 770.16(1). A Michigan Circuit Court may order DNA testing pursuant to MCL 770.16(3), if the defendant:

> (a) Presents prima facie proof that the evidence sought to be tested is material to the issue of the convicted person's identity as the perpetrator of, or accomplice to, the crime that resulted in conviction.
>
> (b) Establishes all of the following by clear and convincing evidence:
>
>> (i) A sample of identified biological material described in subsection (1) is available for DNA testing.
>>
>> (ii) The identified biological material described in subsection (1) was not previously subjected to DNA testing or, if previously tested, will be subject to DNA testing technology that was not available when the defendant was convicted.
>>
>> (iii) The identity of the defendant as the perpetrator of the crime was at issue during his or her trial.

The state trial court reviewed petitioner's request as one to test blood under the victim's fingernail to establish that the victim (Margaret Midkiff) may have struggled with the perpetrator that caused her death. *See* Opinion and Order (Oakland Cir. Ct. Jan. 14, 2002) (docket no. 32). The trial court determined that such testing would not exonerate petitioner: "Whether the blood source could be identified as Brandon Gohagen [the rapist] to substantiate a scratch by [the victim], such results would not undermine the State's theory of criminal liability or exonerate [petitioner]." *Id.* at 8. The court also stated:

> The Court recognizes that the jury was aware that Gohagen's truthfulness was in question as related to the scratch and to possible force used during the rape. Yet, the jury convicted [petitioner] of first-degree murder based upon Gohagen's testimony, the testimony of others, and the evidence presented. A trial judge is not allowed to

>   act as a thirteenth juror and grant a new trial on the basis of a disagreement with the jurors' assessment of credibility. . . Further, the Court is aware that testimony implicated co-defendant George DeJesus [petitioner's brother], as also having facial scratches after the murder of Margaret Midkiff. In its analysis under MCL 770.16(3)(a), the Court finds that [petitioner] has not met his burden of proving that the blood under the fingernail clippings is material to identify Brandon Gohagen as the murderer of Margaret Midkiff.

*Id.* at 9. Finally, the court noted that four years had elapsed since trial, that it was not convinced that the fingernail clippings were still available for DNA testing, and that petitioner failed to provide "any clear explanation to substantiate the claim that technology is now available to subject this slight amount of blood, found under the fingernail clippings, to DNA testing." *Id.* The trial court found that while petitioner met his burden of proof as to MCL 770.16(3)(b)(ii) and (iii), he failed to meet his burden under MCL 770.16(3)(b)(i). *Id.*

Based on this record, petitioner has failed to establish actual prejudice to warrant habeas relief. *Clemmons*, 34 F.3d at 357-58. Even if DNA testing identified the blood and skin remnants as belonging to Gohagen, this would, at most, affect the credibility of Gohagen's statement that the victim did not resist his sexual assault. The existence of the DNA would not identify Gohagen as the individual responsible for kicking the victim to death or demonstrate that he is entitled to habeas relief. *See Harris*, 394 U.S. at 300. Accordingly, petitioner is entitled to discovery with respect to the DNA testing.

Order (5/13/05) (footnote omitted).

Even if the Supreme Court resolved *House* in favor of recognizing a free-standing actual innocence claim on federal habeas review, petitioner has failed to demonstrate that the DNA testing at issue in this case would either identify Gohagen as the murderer or exonerate petitioner.

There is not reason to hold this matter in abeyance pending the Supreme Court's resolution of *House*.

Accordingly, petitioner's motion (docket no. 49) is **DENIED**.

    **IT IS SO ORDERED.**

Dated: December 8, 2005                  /s/ Hugh W. Brenneman, Jr.
                                                  Hugh W. Brenneman, Jr.
                                                  United States Magistrate Judge