UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MELVIN DEJESUS,

       Petitioner,

v.                                                     Case No. 5:04-CV-56

KURT JONES,                               HON. GORDON J. QUIST

       Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the Magistrate Judge's Report and Recommendation dated June 11, 2007, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Petitioner raised the following six grounds for relief in his habeas petition:

    I.     The erroneous admission of irrelevant and highly prejudicial testimony alleging Petitioner was a member of a gang deprived him of his due process right to a fair trial under the federal constitution.

    II.    The state trial court erred by allowing inadmissible hearsay evidence in at trial, depriving Petitioner of his due process right to a fair trial.

    III.   The state trial court denied Petitioner of his due process rights to a fair trial by permitting the prosecution to present highly inflammatory images to the jury from opening statement and throughout the trial.

    IV.   The state prosecutor's repeated misconduct was so egregious that it wholly undermined the trial, rendered the verdict unreliable, and deprived Petitioner of due process and an impartial trial by jury as guaranteed by the Fifth and Fourteenth Amendments to the federal constitution.

    V.    Petitioner is entitled to a writ of habeas corpus as he was denied his Sixth Amendment right to the effective assistance of counsel at trial.

  VI. The Michigan state courts denied Petitioner due process by (a) refusing to provide available DNA biological samples for independent testing and (b) in failing to conduct a hearing with respect to a post-appeal expert forensic scientist's report disputing the state's evidence on the critical element of the murder charge, after refusing to appoint an expert at trial.

  The magistrate judge concluded that the first and second grounds should be rejected because they presented only state law evidentiary issues that did not give rise to federal habeas and, in any event, the Michigan Court of Appeals' determinations on these issues was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. The magistrate judge concluded that the third ground, regarding the admission of photographs, should be rejected because the admission of the gruesome photographs did not present a cognizable habeas claim and the Michigan Court of Appeals' ruling on the admission of photographs of Petitioner's brother was neither contrary to, nor an unreasonable application of, established Supreme Court precedent. Regarding the fourth ground asserting prosecutorial misconduct, after considering the prosecutor's comments and applying the four-factor test cited in *Hutchison v. Bell*, 303 F.3d 720 (6trh Cir. 2002), the magistrate judge concluded that the state court properly determined that Petitioner was not denied a fair trial. As for the fifth ground claiming ineffective assistance of counsel, the magistrate judge concluded that the Michigan Court of Appeals properly applied *Strickland v. Washington*, 466 U.S. 668 (1984), in concluding that Petitioner's trial counsel was not ineffective. Finally, citing his prior order denying Petitioner's motion for discovery regarding the DNA testing and independent forensic examination arguments, the magistrate judge concluded that Petitioner failed to establish actual prejudice resulting from the denial of the DNA testing and a hearing on the independent forensic examination.

  In his objection, Petitioner takes issue with the magistrate judge's conclusions on all of the grounds raised in the petition. Having conducted a *de novo* review of the report and

recommendation with regard to each ground, the Court concludes that the report and recommendation should be adopted.

Petitioner contends that the magistrate judge was wrong to conclude that the single reference during trial to Petitioner's membership in a gang does not present a federal constitutional claim but instead is an issue of state law not cognizable in a federal habeas action. Petitioner again argues that gang evidence is inherently prejudicial, yet he fails to cite any authority for the proposition that a single unsolicited reference to gang membership gives rise to a constitutional violation. As the magistrate judge observed, courts generally treat the issue of gang membership as an issue of relevance under applicable rules of evidence. *See United States v. Abel*, 469 U.S. 45, 105 S. Ct. 465 (1984) (reviewing the propriety of the district court's admission of evidence of gang membership to show bias under the Federal Rules of Evidence); *United States v. Hendrix*, No. 94-1404, 1995 WL 218472, at *2 (6th Cir. Apr. 12, 1995) (concluding that admission of a photograph in which a person other than the defendant was displaying a gang symbol was error as the photograph was irrelevant and its admission unfairly prejudiced the defendant). The magistrate judge further observed that, even if the Michigan Court of Appeals had concluded that the trial court's denial of a mistrial was an abuse of discretion, the brief reference to gang membership did not result in actual prejudice to Petitioner such that it affected the jury's verdict. Based upon its own review, the Court agrees with this conclusion.

Petitioner also raises the hearsay issue and the photograph issue set forth in the second and third grounds, respectively, but he fails to explain why the magistrate judge erred in his conclusion on these issues. Instead, he relies solely on his prior arguments made to the magistrate judge. Because Petitioner has failed to point to any error by the magistrate judge, the Court finds no reason to reject his well-reasoned conclusions on these issues.

Regarding the issue of prosecutorial misconduct in the fourth ground, Petitioner contends that consideration of the four factors identified in *Hutchison v. Bell*, 303 F.3d 720 (6th Cir. 2002), compels the conclusion that Petitioner was denied due process. The Court disagrees. While it is true that the prosecutor referred to Petitioner as "savage" or "evil" and appealed for justice for the victim, the prosecutor's comments were a reflection of the nature of the crimes, and there is no indication that the prosecutor appealed to the jury to convict for an improper purpose, such as to send a message to others or to solve a social problem. There is no indication that the prosecutor misled the jurors or misstated the evidence. Moreover, the magistrate judge was correct in noting that this was not a close case in which the prosecutor's remarks may have been the tipping point in the jury's decision to convict. Finally, although Petitioner disagrees with the characterization of the evidence, the Court agrees with the magistrate judge that it was substantial.

Petitioner next contends that the magistrate judge's conclusion regarding Petitioner's ineffective assistance of counsel claim should be rejected. Petitioner contends that it is not within the wide range of sound trial strategy that must be presumed under *Strickland* for his counsel to contradict and impeach his own witnesses, his client's statements and alibi defense, and the statement of his co-counsel. However, as the Michigan Court of Appeals observed, Petitioner's counsel merely acknowledged the existence of conflicting witness testimony and questions of credibility regarding the night of the party – a decision that can properly be considered trial strategy. The state court's determination of this issue was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court.

Finally, Petitioner takes issue with the magistrate judge's determinations that the state did not deprive Petitioner of his right to due process by refusing to provide a DNA test or in failing to

conduct a hearing with respect to the post-appeal forensic scientist's report. With regard to the requested DNA testing, Petitioner asserts that it would establish that the DNA found under the victim's fingernails belonged to Gohagen, and this would undermine Gohagen's credibility to the point of affecting the jury's determination of guilt. The magistrate judge concluded that even if DNA testing showed that the DNA belonged to Gohagen, it would not exonerate Petitioner because it would possibly affect the credibility of Gohagen's statement that the victim did not struggle with him during the sexual assault but it would not identify Gohagen as the individual responsible for kicking the victim to death. In other words, it would not mean that Petitioner could not have committed the murder.

Regarding the failure to grant a hearing on the expert's post-appeal opinion of causation, Petitioner contends that causation is of central importance in a murder case. The magistrate judge noted that the forensic examiner's affidavit was insufficient to support a grant of a new trial because the affidavit was conclusory and stated only that the examiner had considered "relevant evidence" without reciting the specific evidence upon which it was based. He further noted that the evidence at trial suggested that the victim's injuries were consistent with being kicked to death, contrary to Petitioner's proffered opinion. He also noted that the examiner's opinion did not establish that someone other than Petitioner stomped the victim to death. Petitioner does not take issue with these conclusions, and the Court finds no reason to reject the magistrate judge's conclusion on this issue.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 11, 2007 (docket no. 55) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Objection (docket no. 58) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.


Dated:  August 28, 2007                                                         /s/ Gordon J. Quist
                                                                                      GORDON J. QUIST
                                                                                UNITED STATES DISTRICT JUDGE